UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLENN S. MARTINEZ CASTRO,<br><br>    Plaintiff,<br><br>    vs.<br><br>UNNAMED DEFENDANTS,<br><br>    Defendants. | 1:14-cv-01326-GSA-PC<br><br>ORDER DENYING REQUEST FOR EARLY DISCOVERY, WITHOUT PREJUDICE<br>(Doc. 14.)<br><br>THIRTY DAY DEADLINE TO FILE A COMPLAINT IN COMPLIANCE WITH THE COURT'S ORDER OF AUGUST 26, 2014 |

**I.     BACKGROUND**

    Glenn S. Martinez Castro ("Plaintiff") is a state prisoner proceeding pro se in this civil action.  On April 7, 2014, Plaintiff sent a letter to the United States District Court for the Southern District of California, requesting assistance.  (Doc. 1.)  The court construed Plaintiff's letter as an attempt to file a complaint, filed the letter, and opened a civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed another letter on May 27, 2014, which was construed as a motion to proceed in forma pauperis.  (Doc. 3.)  On July 18, 2014, Plaintiff filed a motion for extension of time to file a § 1983 complaint in this action.  (Doc. 8.)  On August 22, 2014, the case was transferred to the Eastern District of California.  (Doc. 9.)

On August 26, 2014, the court issued an order requiring Plaintiff to file a Complaint on the court's form within thirty days; and to file an application to proceed in forma pauperis on the court's form, or pay the $400.00 filing fee for this action, within forty-five days. (Doc. 12.) Plaintiff has not yet filed the Complaint, submitted the application to proceed in forma pauperis, or paid the filing fee.

On September 10, 2014, Plaintiff filed a document titled "Order of Subpoena for Timely Response." (Doc. 14.) The court construes Plaintiff's document as a request for leave to conduct early discovery.

## II.     REQUEST TO CONDUCT EARLY DISCOVERY

In a civil rights action brought by a prisoner without the assistance of counsel, early discovery is available in certain circumstances. For example, the Ninth Circuit has held, "'[W]here the identity of the alleged defendant is not known prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.'" Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (quoting Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980)). In Gillespie, the plaintiff, a prisoner proceeding *pro se,* filed a civil rights action against several U.S. Marshals, prison officials, and prison guards. However, the complaint did not name *all* of the defendants. Instead, the plaintiff identified the unknown defendants as "John Doe" and "filed interrogatories requesting from the named defendants the names and addresses of the [unnamed defendants]." Gillespie, 629 F.2d at 642–43. The district court denied the request for discovery and dismissed the complaint, but the Ninth Circuit reversed and held that the "district court abused its discretion in not permitting the discovery sought by the [prisoner] ... [as][i]t was very likely that the answers to the interrogatories would have disclosed the identities of the 'John Doe' defendants." Id. at 643.

The facts in the present case are distinguishable from those in Gillespie. Here, Plaintiff requests issuance of a subpoena to compel the defendants, who are correctional officers at Wasco State Prison, to provide their full names and I.D. numbers to Plaintiff. However, in this

case, unlike in <u>Gillespie</u>, there is no complaint on file. Until Plaintiff files a complaint and resolves the payment of the filing fee, pursuant to the court's order of August 26, 2014, this case shall not proceed. Therefore, Plaintiff's request to conduct early discovery shall be denied. Plaintiff shall be granted leave to renew the motion at a later stage of the proceedings, if he wishes.

### III.   SUBPOENA DUCES TECUM

Plaintiff is advised that after discovery is opened,[1] and subject to certain requirements set forth herein, he may be entitled to the issuance of a subpoena duces tecum commanding the production of documents from a non-party, and to service of the subpoena by the United States Marshal. Fed. R. Civ. P. 45; 28 U.S.C. 1915(d). However, the Court will consider granting such a request *only if* the documents sought from the non-party are not equally available to Plaintiff and are not obtainable from the defendants through a request for production of documents. Fed. R. Civ. P. 34. Some of the documents sought by Plaintiff may be kept in Plaintiff's central file at the prison, to which he is entitled to access. Should Plaintiff wish to file a motion for the issuance of a subpoena duces tecum at a later stage of the proceedings, the motion must (1) identify with specificity the documents sought and from whom, and (2) make a showing in the motion that the records are only obtainable through that third party. Also, documents requested must fall within the scope of discovery allowed in this action.[2]

///

///

---

[1] Ordinarily, the court issues an order opening discovery after one of the defendants has filed an answer to the complaint.

[2] Under Rule 26(b) of the Federal Rules of Civil Procedure, "[u]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense ─ including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

IV.     **CONCLUSION**

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's request to conduct early discovery, filed on September 10, 2014, is DENIED, without prejudice; and
2. Plaintiff is granted an extension of time until **thirty (30) days** from the date of service of this order in which to file a complaint on the court's form, in compliance with the court's order of August 26, 2014.

IT IS SO ORDERED.

Dated:   **September 13, 2014**                    **/s/ Gary S. Austin**
                                                                    UNITED STATES MAGISTRATE JUDGE