# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLENN MARTINEZ-CASTRO, | Case No. 1:14-cv-01326-BAM-PC |
| Plaintiff, | ORDER GRANTING PLAINTIFF LEAVE TO FILE A THIRD AMENDED COMPLAINT |
| v. | |
| C/O ELIAS, et al., | |
| Defendants. | THIRTY-DAY DEADLINE |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). Currently before the Court is Plaintiff's second amended complaint, filed October 13, 2015, filed on response to the October 2, 2015, order screening the first amended complaint. (ECF No. 30.)

## I.

## COMPLAINT ALLEGATIONS

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at Centinela State Prison, brings this lawsuit against Defendant correctional officials employed by the CDCR at Wasco State Prison, where the events at issue occurred. In the October 13, 2015, second amended complaint, Plaintiff names as Defendants

1

Correctional Officer (C/O) Elias and C/O Ward.[1]  Plaintiff claims that he was subjected to excessive force in violation of the Eighth Amendment and that Defendants were deliberately indifference to serious medical needs.

In the first amended complaint, Plaintiff alleged that on January 25, 2013, he and five other general population (GP) inmates were sent to Receiving and Release to await bus transfer to Calipatria State Prison.  The inmates were placed in a "regular" holding tank.  At some point, Defendant C/O Ward came to the cell door and told the inmates that they were being disruptive and loud, and that if they continued to be loud, he would place them in the cell by the metal detector.  Plaintiff "confronted" C/O Ward, asking him if the tank he referred to was a protective custody tank.  Ward informed the inmates that they were being moved to the tank he referred to. Plaintiff asked Ward "if that was a protective custody tank and why were we being placed in the obvious (s.n.y.) labeled cell?"  (Am. Compl, p. 1 of narrative attachment).   Ward told Plaintiff that he and the other inmates were going to be placed in the other tank because they were being too loud.  Plaintiff alleged that "all general population inmates were placed inside the (sny) holding tank by Defendant Ward, with protective custody inmates already inside which resulted in a group disturbance between (general population) and (protective custody) inmates."  (Id.)

Defendant C/O Elias, along with ten other correctional officers, responded to the disturbance.  Defendant Elias instructed all of the inmates to "get down."  Plaintiff, along with all of the other inmates, lay face down in a "eagle-spread" position.  Plaintiff alleged that at that point, the following occurred:

> Correctional Officers then opened the holding cell door; over (10) officers entered with hand held metal batons fully extended, screaming at all inmates running in the holding tank Defendant Elias stating, "this isn't  B-yard, bitches," (B yard is a special needs yard), while immediately physically assaulting plaintiff and all other (GP) inmates with their metal batons, multiple times over plaintiff's head, torso, legs, and continuously on the (left knee) plaintiff's left knee is still badly damaged.  Various correctional officers also assaulted plaintiff repeated times.  After the two to three minute assault from Defendant M. Elias, and the other

---

[1] In the first amended complaint, Plaintiff named the following individuals as Defendants: Sergeant Garlo; C/O Elias; C/O Ward; Registered Nurse (RN) B. Johnson; RN Abella; Warden J. Katavich; CDCR Director M. Stainer.

>>officers, plaintiff and all other (GP) inmates were then handcuffed picked up, pushed and thrown against cell bars while and the ground while being escorted to another area. . .

(Id. p. 1, 2.)

The inmates were taken to one-man holding cages, and put in the holding cages, 2 men to a cage.  Plaintiff alleged that he was "violently" shoved into the cage by Defendant Elias.  Defendant Elias and other officers began questioning the inmates while they were in the holding cages.  Plaintiff alleged that Defendant Elias and the other officers left the area and returned.  Defendant Elias apologized, stating that "we had no idea you all were (GP) inmates, we want to apologize to all of you."  C/O Elias repeatedly apologized to the inmates and directed officers to move the inmates to the holding cages they were originally in.  Defendants Elias and Garlo "began to explain to us the mistake of placing us in a (SNY) labeled holding tank was not intentional."  They also informed the inmates that they would not receive a disciplinary charge.  At that point, the buses that were to transport the inmates to Calipatria State Prison arrived.  Plaintiff alleges that both Garlo and Elias "tried rushing Plaintiff and all other inmates to putting on our jumpsuits and to get on the bus and leave as soon as possible." (Id.)

## II.

## DISCUSSION

On October 2, 2015, an order was entered, finding that the first amended complaint stated a claim for relief against Defendant Elias on Plaintiff's claim of excessive force.  The Court noted that Plaintiff failed to state a claim against any other Defendant.

As to the remaining Defendants, the Court found that Plaintiff had not specifically alleged any facts indicating that the remaining Defendants subjected Plaintiff to excessive force.  Plaintiff alleged that approximately ten officers entered the holding tank, and subjected Plaintiff and the other inmates to excessive force.  Plaintiff was advised that he may not hold Defendants liable simply by alleging facts indicating that they were present.  In order to hold an individual defendant liable, Plaintiff must name the individual defendant and explain how that defendant acted under color of state law.  Plaintiff should state clearly, in his own words, what happened.

Plaintiff must describe what each defendant, *by name*, did to violate the particular right described by Plaintiff. Plaintiff may not lump "defendants" together. Plaintiff was specifically advised that must identify each individual defendant by name and allege conduct as to each individual defendant that caused injury to Plaintiff.

In the October 13, 2015, third amended complaint, Plaintiff names as Defendants C/O Elias and C/O Ward. Regarding Defendant Elias, Plaintiff re-states the allegations of the first amended complaint. Plaintiff also re-states allegations regarding other Defendants that were named in the first amended complaint, but not in the second amended complaint. Plaintiff specifically names C/O Ward as a Defendant, but only alleges that Defendant Ward "subjected [Plaintiff] to excessive force in violation of the Eighth Amendment with deliberate indifference." Plaintiff fails to charge Defendant Ward with any specific conduct, or allege any facts in addition to those included in the first amended complaint.

Plaintiff is again advised that, in order to state a claim against Defendant Ward, he must allege facts specific to Defendant Ward. Plaintiff must allege facts indicating that Defendant Ward subjected Plaintiff to excessive force, as stated in the October 2, 2015, order dismissing the first amended complaint. The Court will provide Plaintiff one opportunity to file a third amended complaint. Should Plaintiff fail to file a third amended complaint, the Court will order service of process on Defendant Elias on Plaintiff's claim of excessive force, and dismiss all remaining claims and Defendants.

## III.

## CONCLUSION AND ORDER

The October 13, 2015, second amended complaint states a claim for excessive force against Defendant Elias. The second amended complaint does not state any other claims for relief. The Court will provide Plaintiff with one further opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007)(no "buckshot" complaints).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only on the claims identified in this order as cognizable, Plaintiff may so notify the Court in writing, and the Court will dismiss the remaining claims and Defendants, and will forward to Plaintiff one summons and one USM 285 form for completion and return.  Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

If Plaintiff opts to amend, his complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights.  Iqbal, 556 U.S. 662, 678.  "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ."  Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in and of itself without reference to the prior or superseded pleading," Local Rule 220.  "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  King, 814 F.2d at 567 (citing to London v. Coopers Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send to Plaintiff a civil rights complaint form;
2. Within thirty days from the date of service of this order, Plaintiff must either:
   a. File a third amended complaint curing the deficiencies identified by the Court in this order, or

///
///
///
///

5

    b.  Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only against Defendant Elias for excessive use of physical force in violation of the Eighth Amendment; and

3.  If Plaintiff fails to comply with this order, the Court will direct service of process on Defendant Elias and will dismiss the remaining claims and Defendants.

IT IS SO ORDERED.

Dated: **October 22, 2015**     /s/ *Barbara A. McAuliffe*
                 UNITED STATES MAGISTRATE JUDGE