# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLENN S. MARTINEZ-CASTRO, | Case No. 1:14-cv-01326-AWI-BAM-PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL |
| v. | (ECF NO. 48) |
| C/O ELIAS, | ORDER DENYING PLAINTIFF'S REQUEST FOR DEPOSITION SUBPOENA |
| Defendant. | (ECF NO. 49) |
| | ORDER DENYING PLAINTIFF'S MOTION TO COMPEL |
| | (ECF NO. 50) |

Plaintiff Glenn Martinez-Castro is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court are Plaintiff's motion for the appointment of counsel (ECF No. 48), motion for the issuance of a deposition subpoena (ECF No. 49) and motion to compel responses to Plaintiff's interrogatories. (ECF No. 50.) Defendant has filed opposition to the motion for a deposition subpoena and motion to compel. (ECF No. 52.)

**I.    Motion for the Appointment of Counsel**

Plaintiff is advised that there is no constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require any attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1).   Mallard v. United States

1

District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court has considered Plaintiff's moving papers, but does not find the required exceptional circumstances. LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). Plaintiff is proceeding on a claim of excessive force. The legal issues present in this action are not complex, and Plaintiff has thoroughly set forth his arguments in the complaint filed in this action. Plaintiff argues that he cannot afford counsel and it is difficult for him to litigate this action. Plaintiff also argues that should this case proceed to trial, there will be conflicting testimony, and counsel would enable Plaintiff to present his evidence. In forma pauperis status alone does not alone entitle Plaintiff to appointed counsel. That Plaintiff believes it will be difficult for Plaintiff to prosecute this action does not constitute exceptional circumstances.

While a pro se litigant may be better served with the assistance of counsel, so long as a pro se litigant, such as Plaintiff in this instance, is able to "articulate his claims against the relative complexity of the matter," the "exceptional circumstances" which might require the appointment of counsel do not exist. Rand, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. §1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better – particularly in the realm of discovery and the securing of expert testimony.")

**II.    Motion for the Issuance of a Deposition Subpoena**

Plaintiff seeks a deposition subpoena pursuant to Federal Rule of Civil Procedure 45. In his opposition, Defendant Elias notes that he is prepared to proceed with any properly noticed

deposition notice from Plaintiff.  Plaintiff's notice does not provide a date or time for Plaintiff's proposed videoconference deposition of Defendant, as required by Federal Rule of Civil Procedure 30(b)(1).  Defense counsel indicates that he will make Defendant available to participate in a properly noticed deposition, so long as Plaintiff arranges for a deposition reporter and suitable video recording equipment and pays all recording costs as required by Federal Rule of Civil Procedure 30(b)(3)(A).

Plaintiff has failed to provide sufficient justification for the requested deposition, and has not indicated how he will pay for the deposition costs and non-party witness fees pursuant to Federal Rule of Civil Procedure 45.  Plaintiff may make such a showing by filing a trust account statement, or other document showing that he has the financial ability to pay the applicable fees.  Further, Plaintiff is required to pay for the recording of the deposition pursuant to Rule 30, and Plaintiff provides no indication that he can pay such expenses.  Although Plaintiff is proceeding in forma pauperis, such status does not entitle Plaintiff to waiver of witness fees, mileage, deposition officer fees, or deposition recording fees.  For these reasons, Plaintiff's motion should be denied.

### III.   Motion to Compel

Plaintiff seeks an order compelling Defendant to respond to Plaintiff's First Set of Interrogatories and First Request for Production of Documents.  Defendant has opposed the motion.  Defendant's opposition is supported by the declaration of Defense counsel Byron Miller. Mr. Miller declares that on March 17, 2016, he received Plaintiff's First Request for Production of Documents and First Set of Interrogatories, dated March 11, 2016. Mr. Miller's office served Defendant's responses to the discovery requests on April 15, 2016. (Miller Decl. ¶ 2.)   The responses were served ten days before they were due. (Id.)   Plaintiff erroneously argues that Defendant's responses were untimely.  Plaintiff mistakenly believes that the responses were due in thirty days.  Defendant timely responded to Plaintiff's s discovery requests. Plaintiff's motion to compel should therefore be denied.

///

///

IV. Order

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel is denied;
2. Plaintiff's motion for the issuance of a deposition subpoena is denied; and
3. Plaintiff's motion to compel is denied.

IT IS SO ORDERED.

Dated:   **May 12, 2016**                     /s/ *Barbara A. McAuliffe*
                                              UNITED STATES MAGISTRATE JUDGE