# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLENN S. MARTINEZ CASTRO,<br><br>    Plaintiff,<br><br>    v.<br><br>ELIAS,<br><br>    Defendant. | Case No.: 1:14-cv-01326-AWI-BAM (PC)<br><br>ORDER DISMISSING ACTION WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE AND FOR VIOLATION OF LOCAL RULES<br><br>ORDER REGARDING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br>(Doc. Nos. 51, 62) |

Plaintiff Glenn S. Martinez Castro ("Plaintiff") is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. §1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

**I.    Background**

This action proceeds on Plaintiff's Second Amended Complaint against Defendant Correctional Officer Elias for excessive force in violation of the Eighth Amendment. On May 5, 2016, Defendant Elias filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56, arguing Plaintiff has failed to exhaust his administrative remedies. (ECF No. 51.)

On March 23, 2017, following the assigned Magistrate Judge issued findings and recommendations recommending that Defendant's motion for summary judgment be granted. (ECF No. 62.) Those findings and recommendations were served by mail on Plaintiff at his address of record.

1

On April 26, 2017, the findings and recommendations were returned by the United States Postal Service as "undeliverable, not in custody." As of the date of this order, Plaintiff has not provided any updated mailing address to the Court, or otherwise communicated with the Court regarding this litigation.

**II.  Discussion**

Plaintiff is required to keep the Court apprised of his current address at all times.  Local Rule 183(b) provides:

> **Address Changes.**  A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address.  If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

In this Court's first informational order issued August 26, 2014, Plaintiff was expressly warned of this requirement, and that his case would be dismissed for failure to prosecute if he did not timely update his address. (Doc. No. 11, at p. 5.) Federal Rule of Civil Procedure 41(b) also provides for a court's dismissal of an action sua sponte for a plaintiff's failure to prosecute. Hells Canyon Preservation Council v. U. S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (citation omitted).

In this case, Plaintiff's address change was due no later than July 5, 2017. Nevertheless, Plaintiff has failed to file any change of address form, and has not been in contact with the Court.

"In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988) (internal quotation marks and citation omitted); accord Omstead v. Dell, Inc., 594 F.3d 1081, 1084 (9th Cir. 2010); In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action.  In re PPA, 460 F.3d at 1226 (citation omitted).

///

Plaintiff's failure to comply with this Court's rules, the expeditious resolution of litigation and the Court's need to manage its docket weigh in favor of dismissal. <u>Id</u>. at 1227. More importantly, given the Court's apparent inability to communicate with Plaintiff, there are no other reasonable alternatives available to address Plaintiff's failure to prosecute this action and his failure to apprise the Court of his current address. <u>In re PPA</u>, 460 F.3d at 1228-29; <u>Carey</u>, 856 F.2d at 1441. Therefore, the Court will dismiss this action, without prejudice, based on Plaintiff's failure to prosecute this action and violation of the local rules.

### III. Conclusion and Order

For the foregoing reasons, the Court HEREBY ORDERS as follows:

1. This action is DISMISSED without prejudice based on Plaintiff's failure to prosecute. Fed. R. Civ. P. 41(b) and for Plaintiff's violation Local Rule 183(b);
2. Defendant's motion for summary judgment (Doc. No. 51) is DENIED as moot, and the pending findings and recommendations (Doc. No. 62) are not adopted at this time; and
3. The Clerk of Court shall CLOSE this case.

IT IS SO ORDERED.

Dated: __August 23, 2017__          _____
                                    SENIOR DISTRICT JUDGE